***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employment relationship existed between plaintiff and defendant-employer. *Page 2 
2. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. The carrier on the risk is Specialty Risk Services.
4. Plaintiff's average weekly wage was $1,199.50, which yields the maximum compensation rate for 2004 of $688.00 per week.
5. Plaintiff allegedly sustained a compensable injury by accident on June 6, 2004. Defendants denied this claim and contend that plaintiff did not suffer any injury.
6. The following documents were stipulated into evidence before the Deputy Commissioner:
 a. Plaintiff's Medical Records
 b. Plaintiff's Personnel File
 c. Industrial Commission filings
 d. All other exhibits.
7. The issues before the Full Commission are whether plaintiff suffered a compensable injury by accident at work on June 6, 2006, and, if so, what benefits he is entitled to receive.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 39 years old and a high school graduate. Plaintiff was employed by defendant-employer in the finishing department. *Page 3 
2. Plaintiff alleges that he suffered a specific traumatic injury on June 6, 2004 when moving a piece of steel from the lower level of a bin to a cart and that he felt a sharp pain and cold feeling in his neck.
3. Plaintiff testified that defendant-employer's policy is to report all injuries within 30 days. Plaintiff testified that one week after his alleged injury he told Robert Cousins that he had numbness in his hands and feet. However, plaintiff also testified that he did not have any conversations with anyone at defendant-employer about his physical condition between June 6, 2004 and September 2004. Plaintiff's co-workers, Drew Hunter and George Flythe, and supervisor Robert Cousins all testified that plaintiff never reported any such incident to them.
4. Plaintiff did not report his alleged injury on June 6, 2004 to defendant-employer until November 3, 2004, when he called Joyce Overton, defendant-employer's nurse, following neck surgery. Plaintiff has not offered any justification for his delay in reporting the alleged injury.
5. Defendants filed a Form 19 on November 15, 2004 and a Form 61 on December 2, 2004. Plaintiff did not file a Form 18 until May 12, 2005.
6. The Commission finds that plaintiff's testimony regarding a specific traumatic incident conflicts with the testimony of both his co-workers and supervisor, as well as many of plaintiff's own statements. Plaintiff's description of the incident contradicts his subsequent report to defendant-employer that his injury was caused over time and his recorded statement that his injury was the result of the lifting he performed over a period of time in his job. As such, the Commission does not find plaintiff's testimony credible.
7. Dr. Michael Williams, a board certified internal medicine specialist, testified that he treated plaintiff for deep vein thrombosis (DVT). On June 9, 2004, he saw plaintiff for a *Page 4 
checkup of his DVT. At that visit, plaintiff complained of numbness and stiffness in his hands, which began approximately three months prior. Dr. Williams felt plaintiff had either carpal tunnel syndrome or radiculopathy and he recommended an EMG, MRI and that plaintiff see a neurosurgeon. Dr. Williams testified that if plaintiff's testimony about the alleged June 6, 2004 injury were found to be credible, then the alleged June 6, 2004 incident is the most likely immediate cause for plaintiff's cervical herniation. However, Dr. Williams stated that plaintiff did not describe any specific incident as the precipitating factor to his numbness in his hands and feet. Additionally, Dr. Williams' records contain no report of a specific traumatic incident to plaintiff's neck or cervical spine.
8. Dr. Petra Gurtner, a board certified neurosurgeon, first saw plaintiff on October 27, 2004, for a history of pain beginning three months prior. Dr. Gurtner performed a C3-5 cervical decompression on plaintiff and also found that plaintiff was deficient in B-12. On January 31, 2005, Dr. Gurtner released plaintiff to return to work with permanent restrictions. Dr. Gurtner testified that it was hard to separate whether plaintiff's cervical problems were due to the B-12 deficiency or his stenosis. At no time during his treatment with Dr. Gurtner did plaintiff describe a specific incident that caused his symptoms. Instead, plaintiff complained of having 80 pounds of steel over his shoulder and that he engaged in overhead lifting repeatedly as a normal part of his job. Dr. Gurtner testified, "I think that one incident [June 6, 2004] may be the straw that broke the camel's back, but I think the cumulative, you know, injury given by his daily work, you know, is still the best explanation for that."
9. The Full Commission finds that plaintiff failed to prove by the greater weight of the evidence that he sustained a compensable injury by accident on June 6, 2004.
 *********** *Page 5 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff failed to prove by the greater weight of the evidence that he suffered a compensable injury by accident arising out of and in the course of his employment on or about June 6, 2004. N.C. Gen. Stat. § 97-2 (6); Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682
(1982).
3. In addition, plaintiff failed to carry the burden of proving by competent evidence that a causal relationship existed between the alleged work-related accident and the disability for which compensation is sought. Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389
(1980).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
AWARD
1. This claim, under the law, must be DENIED.
2. Each side shall pay its own costs.
This 4th day of December, 2007.
S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ DANNY LEE McDONALD COMMISSIONER *Page 1